**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 27 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

In re:

DONALD E. ARMSTRONG,

    Debtor.

 

DONALD E. ARMSTRONG,

    Appellant,

v.

KENNETH A. RUSHTON, Trustee;
STEPPES APARTMENTS, LTD.,

    Appellees.

No. 03-4177
(BAP No. UT-02-007)
(BAP)

**ORDER AND JUDGMENT**[*]

Before **McCONNELL**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Donald E. Armstrong appeals a judgment of the Bankruptcy Appellate Panel of this Circuit (BAP) affirming a temporary allowance order and rejecting Armstrong's argument that the order was void because the bankruptcy judge eventually recused herself. Our jurisdiction arises under 28 U.S.C. § 158(d) and, although we are reviewing a judgment of the BAP, we independently review the underlying decision of the bankruptcy court. *United States v. Myers (In re Myers)*, 362 F.3d 667, 670 (10th Cir. 2004).

We review the decision to allow a temporary claim under the Federal Rules of Bankruptcy Procedure § 3018(a) for abuse of discretion. *See generally In re Marin Town Ctr.*, 142 B.R. 374, 379 (N.D. Cal. 1992). Under that standard, the decision of the bankruptcy court will not be overturned unless we are firmly and definitely convinced that the court made a clear error of judgment or exceeded the bounds of permissible choice. *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994).

In his opening brief, Armstrong lists eleven issues, many of which have nothing to do with the temporary allowance order that is the subject of this

appeal.  Those extraneous issues either go to the validity of the confirmed plan[1] or to cases and judgments over which this court has no jurisdiction.

With respect to the temporary allowance order, we have reviewed the briefs, the record, and the applicable law pursuant to the above-mentioned standards, and we determine that Armstrong has established no reversible error in this case.  As we have noted in several other decisions issued this day, the fact that the BAP has recently found that the bankruptcy court lacked jurisdiction to enter criminal contempt sanctions against Armstrong in a related matter has no bearing on this appeal.  Armstrong's motion to file a supplemental appendix is GRANTED.  The judgment of the BAP is AFFIRMED for substantially the same reasons stated by that panel in its order filed May 9, 2003.  The mandate shall issue forthwith.

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

[1]    We have today held that the BAP correctly dismissed the appeal from the bankruptcy court order confirming the plan.    *See Armstrong v. Rushton*, No. 02-4101 (10th Cir. _____ 2004).

-3-